CRESWELL, DEMANDANTE Y APELADO, *v.* PORTO RICAN EXPRESS COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero (traslado de la causa).

No. 2598.—Resuelto en abril 7, 1922.

JURISDICCIÓN DEL TRIBUNAL SUPREMO — TRASLADO DE PLEITOS PROCEDENTES DE CORTES MUNICIPALES — ORDEN DE TRASLADO INAPELABLE. — El Tribunal Supremo carece de jurisdicción para conocer en apelación de un recurso contra una resolución negatoria de traslado de un pleito originado en la corte municipal, cuando la cuantía reclamada en el pleito no excede de $300.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. D. F. Kelley y J. Sabater.*

Abogado del apelado: *Sr. B. J. Horton.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Interpuesta la demanda en este caso en la Corte Municipal de Mayagüez en cobro de $75 la demandada solicitó que el pleito fuera trasladado a la Corte Municipal del Distrito de San Juan por ser el lugar de su residencia. Negado dicho traslado y apelada esta resolución a la Corte de Distrito de Mayagüez ésta dictó a su vez resolución denegando también el traslado. O en otras palabras, confirmó la resolución de la corte inferior; resolución que ha sido apelada para ante nosotros.

Sostiene la parte apelada que de acuerdo con el número

2 del artículo 295 del Código de Enjuiciamiento Civil no es apelable dicha resolución por reclamarse en el pleito cantidad inferior a $300 y que por tanto carecemos de jurisdicción para resolver el recurso; pero el apelante argumenta que la limitación en la cuantía fijada por la ley para las apelaciones de juicios fallados por las cortes de distrito en apelaciones procedentes de las cortes municipales, se refiere únicamente a la apelación contra sentencias y no a las apelaciones que autoriza el número 3 del artículo citado contra la resolución dictada por la corte negando el traslado del pleito.

Los números uno y tres del artículo citado se refieren respectivamente a sentencias y a resoluciones dictadas por las cortes de distrito en asuntos originados ante ellas, y el número dos a los asuntos de que conocen en grado de apelación procedentes de las cortes municipales y por tanto en este último caso la cuantía debe ser superior a $300 para que sea apelable ante nosotros. Y se comprende que así sea porque permitiendo el número tres citado apelaciones contra providencias concediendo o denegando un nuevo juicio, concediendo o anulando un *injunction;* negándose a conceder o a anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, podría sostenerse que no apelándose de la sentencia misma, sino de alguna de las resoluciones que hemos mencionado, podría establecerse la apelación aunque la cuantía de la reclamación fuera inferior a $300, contra el precepto de la ley de que no vengan asuntos civiles a este Tribunal Supremo cuando la cantidad reclamada sea inferior a la fijada por la ley. Además, si como sostiene la parte apelada no se establece la apelación en este caso de acuerdo con el número dos contra sentencia dictada por la corte de dis-

trito en apelación de una corte inferior, sino contra resolución de la corte de distrito dictada en apelación de otra resolución de corte inferior, entonces tampoco sería apelable la que motiva este recurso porque la ley no autoriza apelación en esos casos si no contra sentencias dictadas en apelaciones procedentes de las cortes inferiores, que son las que ponen término al asunto, carácter que no tiene la resolución apelada en este caso.

La apelación debe ser desestimada.

*Desestimado el recurso establecido.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociado Hutchison.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.